(100 App. Div. 412)

### CASSIDY v. ARNOLD et al.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

**1. ARREST—ACTION ON UNDERTAKING—DEFENSE.**

    In an action on an undertaking to procure an order of arrest, an answer that "prior hereto" an action was brought against the same defendants by the attorneys of plaintiff, "claiming" that plaintiff had assigned to them all claims against defendants on the undertaking, and that a judgment had been recovered therein against the defendants, from which an appeal had been taken, and was pending, is insufficient as a plea of prior action pending; it not alleging that an assignment was in fact made, nor that action thereon was brought before the pending action.

**2. SAME—COUNTERCLAIM—STATUTE.**

    The answer was also insufficient as a counterclaim, under Code Civ. Proc. § 501, as not setting out any cause of action.

Appeal from Special Term, New York County.

Action by George H. Cassidy against George W. Arnold and others. From an interlocutory judgment overruling a demurrer to the answer, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George W. Glaze, for appellant.
George Gordon Battle, for respondents.

LAUGHLIN, J. An action was brought by the defendant Arnold against the plaintiff, and an order of arrest was obtained therein; the respondents becoming the sureties upon the undertaking. The order of arrest was subsequently vacated upon the ground that the papers upon which it was granted did not give the court jurisdiction. The defendant in the former action brings this action against Arnold and his sureties for false arrest. The sureties united in an answer, in which, after making certain admissions and denials, "further answering the said complaint, and by way of counterclaim and set-off," they allege that "prior hereto" an action was brought by the members of the firm of attorneys who appeared for the plaintiff herein, and who in the former action appeared for him, as defendant, against Arnold and themselves, as sureties, in the Municipal Court, upon the undertaking, "claiming that the said Cassidy had assigned to them any and all claims" against them upon the undertaking, which was for $250, and a judgment recovered therein against the defendants therein, from which an appeal has been taken, which is pending in the Appellate Term; and they claim the right to set off, on behalf of themselves and Arnold, any recovery in that action, and pray for a dismissal of the complaint, with costs.

The demurrer is to this part of the answer, setting up new matter as a defense or counterclaim, upon the ground that, as a separate defense, it is insufficient, in law, and that, as a counterclaim, it does not state facts sufficient to constitute a cause of action, and is not of the character specified in section 501 of the Code of Civil Procedure. We are

¶ 2. See Pleading, vol. 39, Cent. Dig. § 294.

of opinion that the demurrer should have been sustained. As the learned counsel for the plaintiff well says, assuming the facts stated to be true, they neither bar nor reduce a recovery. The answer does not allege that the undertaking was in fact assigned to the attorneys, and, if not, of course a recovery by the attorneys would not affect the plaintiff's rights. Nor does the answer allege that the action in the Municipal Court was commenced prior to the commencement of this action, so that it may be considered as a plea of an action pending for the whole or part of the same relief. If the undertaking was assigned to the attorneys, and the recovery by them should be sustained, and the respondents should be compelled to pay the judgment, and if it shall appear that the recovery there embraced any of the damages recovered here, the respondents will undoubtedly be entitled, by serving a supplemental answer or otherwise, to relieve, to that extent, against the recovery in this action; but the facts as pleaded neither constitute a defense in whole or in part, nor a counterclaim.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the respondents to amend upon payment of the costs of the appeal and of the demurrer. All concur.